# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40920
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 29, 2020

Lyle W. Cayce
Clerk

FREDDIE FOUNTAIN, and all others similarly situated,

Plaintiff-Appellant

v.

JOHN RUPERT, Warden, Coffield Unit; GAYE KARRIKER, Law Library Supervisor, Coffield Unit; JANE/JOHN DOES, Titles Unknown, Coffield Unit; JANE/JOHN DOES, Librarian(s), regular library, Coffield Unit; BRYAN COLLIER, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE; SENIOR WARDEN JEFFERY CATOE; ASSISTANT WARDEN JEFFREY RICHARDSON; FOOD SERVICE CAPTAIN MODESTO URBINA; GRIEVANCE INV. BENNIE COLEMAN; BRAD LIVINGSTON, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE; MEDICAL DOCTOR PAUL SHRODE; NURSE PRACTITIONER JACINTA ASSAVA; LVN DEADRA MARTIN; PAMELA PACE; CARRI STEVENSON,

Defendants-Appellees

SUSAN MULLINAX

Appellee.

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:15-CV-100

No. 18-40920

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Freddie Fountain, Texas prisoner # 1640115, appeals the district court's judgment dismissing his civil rights complaint with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). He has also filed motions to allow attachments to his appellant's brief as an appendix; to file a supplemental appellant's brief; to appoint counsel; for judicial notice; to file an amended appellant's brief; to withdraw his motions to appoint counsel, for judicial notice, and for the emergency appointment of counsel, which was docketed as a memo in support of his motion to appoint counsel; and to expedite the appeal.

Fountain contends that the district court erred in dismissing his complaint pursuant to the screening provisions of § 1915A because he was denied an opportunity to expound upon his claims or amend his complaint. He also contends that had the district court applied the correct standard, his complaint would not have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.

As an initial matter, we conclude that the district court abused its discretion in denying Fountain's motion to add an excessive heat claim against former Texas Department of Criminal Justice (TDCJ) Executive Director Brad Livingston and TDCJ Executive Director Brian Collier. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). With respect to all other motions to amend, we note that the record reflects that Fountain was afforded multiple opportunities to amend his complaint, develop his factual allegations, and plead his best case prior to the district court's dismissal of his complaint pursuant to § 1915A(b)(1), *see Jacquez v. Procunier*,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

801 F.2d 789, 793 (5th Cir. 1986), and Fountain cannot show that the district court otherwise abused its discretion in denying his motions to amend or supplement the operative amended complaint with respect to any other allegations, *see Marucci Sports, L.L.C.*, 751 F.3d at 378; *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998).

In the operative amended complaint, Fountain alleged that beginning in 2011 and continuing until 2017, former Senior Warden John Rupert, Assistant Warden Jeffery Richardson, Food Service Captain Modesto Urbina, Senior Grievance Investigator Bennie Coleman, Doctor Paul Shrode, Practice Manager Pamela Pace, Livingston, and Collier intentionally and maliciously subjected him to cruel and unusual punishment, including numerous health-and-life-threatening conditions, while he was incarcerated in administrative segregation at the TDCJ's Coffield Unit. The district court dismissed all of Fountain's claims with prejudice as frivolous and for failure to state a claim upon which relief may be granted.

We review de novo the dismissal of a complaint under § 1915A(b)(1) as both frivolous and for failure to state a claim. *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). A complaint is frivolous if it lacks an arguable basis in either law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim upon which relief may be granted if, taking the plaintiff's allegations as true, he could prove no set of facts in support of his claim that would entitle him to relief. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). At this stage of the proceedings, Fountain's factual allegations are assumed to be true, even if they are doubtful in fact. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Based on our de novo review of the record, with the exception of his allegations of inadequate nutrition, Fountain has failed to show that the district court erred in dismissing his claims related to the adequacy, quality,

and safety of the food, drinks, condiments, utensils, and cups provided while he was incarcerated at the Coffield Unit; his claims related to the adequacy of clean clothing; his claims that he was denied timely and effective medical care for his serious medical conditions; and his 42 U.S.C. § 1985 claims. *See Farmer v. Brennan*, 511 U.S. 825, 832, 834 (1994); *Harris*, 198 F.3d at 156; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340, 347 (5th Cir. 1981) (en banc). Further, Fountain's sparse and conclusional allegations regarding his electrocutions and the TDCJ's state-wide use of common showers and failure to issue protective shower shoes were insufficient to state a claim for relief. *See Coleman v. Lincoln Parish Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017). Therefore, the district court's dismissal of these claims is affirmed.

However, Fountain's allegations, when taken as true, were sufficient to state an Eighth Amendment claim against Rupert, Richardson, and Coleman for subjecting him to extreme shower water temperatures and unsanitary prison conditions, as well as against Rupert and Richardson for subjecting him to sleep deprivation and excessive noise and Rupert, Richardson, Coleman, and Urbina for depriving him of adequate nutrition resulting in extreme weight loss and other nutritional issues. *See Farmer*, 511 U.S. at 834; *Gates v. Cook*, 376 F.3d 323, 338 (5th Cir. 2004); *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999). Fountain's allegations were likewise sufficient to state an Eighth Amendment claim against Rupert, Richardson, Coleman, Livingston, and Collier for subjecting him to extreme cell temperatures. *See Yates v. Collier*, 868 F.3d 354, 360 (5th Cir. 2017); *Hinojosa v. Livingston*, 807 F.3d 657, 666-68 (5th Cir. 2015). Moreover, although Fountain's allegations regarding the denial of adequate showers, alone, may not have been sufficient to state an Eighth Amendment claim, when considered with his allegations regarding the unsanitary prison conditions and the defendants' attempt to discourage

showers by subjecting him to extreme shower water temperatures, the allegations had the "mutually enforcing effect" of depriving Fountain of the basic elements of hygiene. *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Daigre v. Maggio*, 719 F.2d 1310, 1312 (5th Cir. 1983). Therefore, the district court erred in dismissing these claims pursuant to § 1915A(b)(1). *See Harris*, 198 F.3d at 156.

The district court also erred in dismissing Fountain's claims against Rupert, Richardson, and Coleman regarding his long-term placement in administrative segregation. Although the district court determined that Fountain's allegations were insufficient to state a Fourteenth Amendment claim because he failed to show that his placement presented an atypical and significant hardship in relation to the ordinary incidents of prison life, *see Sandin v. Conner*, 515 U.S. 472, 484 (1995), the district court did not analyze the severity of the restrictive conditions or the duration of Fountain's incarceration in administrative segregation, *see Wilkerson v. Goodwin*, 774 F.3d 845, 855 (5th Cir. 2014). The district court also failed to address Fountain's Eighth Amendment challenge to the conditions of his confinement in the administrative segregation cells.

The district court did not analyze Fountain's claims regarding the TDCJ's indigent mail policy under the framework set forth in *Turner v. Safley*, 482 U.S. 78 (1987), and Fountain's allegations, when taken as true, were sufficient to state First and Fourteenth Amendment claims against Livingston and Collier. Therefore, the district court erred in dismissing these claims pursuant to § 1915A(b)(1). *See Harris*, 198 F.3d at 156.

Because Fountain's claims related to toxic smoke inhalation, screenless windows, and the denial of oral hygiene products were not properly raised or considered in the district court, we need not consider them for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir.

1999).  Likewise, we do not consider Fountain's claims against Jeffery Catoe, Jacinta Assava, Deandra Martin, Carri Stevenson, Gaye Karriker, and Susan Mullinax because they were not named in the operative amended complaint. *See id.*

Fountain also contends that the district court abused its discretion in denying his multiple motions for the appointment of counsel.  Because Fountain failed to set forth exceptional circumstances warranting the appointment of counsel, the district court's denial of his motions was not an abuse of discretion.  *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Finally, Fountain contends that the magistrate and district court judges abused their discretion by failing to recuse themselves from the case.  Because Fountain's allegations of bias and prejudice stem from the judges' actions in the course of judicial proceedings, he cannot show an abuse of discretion.  *See United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007).

Accordingly, the district court's judgment is AFFIRMED IN PART and VACATED and REMANDED IN PART for further proceedings consistent with this opinion.  Fountain's motion to file an amended appellant's brief is GRANTED; his motion to withdraw his motions to appoint counsel, for judicial notice, and for the emergency appointment of counsel is GRANTED; his motions to allow attachments to his appellant's brief as an appendix, to file a supplemental appellant's brief, and to expedite the appeal are DENIED AS MOOT.