**REVISED June 13, 2017**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30109
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 24, 2017

Lyle W. Cayce
Clerk

JAMES COLEMAN,

Plaintiff–Appellant,

versus

LINCOLN PARISH DETENTION CENTER; ANNA RAWSON;
JIM TUTEN; R. JOHNSON; CECIL SMITH;
DEPUTY WARDEN YELVERTON; CHAPLAIN DENTON;
JIM FORDHAM; LIEUTENANT  OTWELL; DEPUTY A. QUALLS

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:

James Coleman, Louisiana prisoner # 214322, appeals the dismissal of his 42 U.S.C. § 1983 complaint, which was filed *in forma pauperis* ("IFP"), as

frivolous and for failure to state a claim.[1] "When a district court dismisses a complaint both as frivolous and as failing to state a claim under § 1915(e)(2)(B)(i) & (ii), we review the dismissal de novo."[2]

This court affords *pro se* pleadings liberal construction.[3] But even for *pro se* plaintiffs, such as Coleman, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to state a claim for relief.[4]

By the time Coleman filed his original complaint, he had been transferred from the Lincoln Parish Detention Center ("LPDC") to the Jefferson Parish Detention Center. That transfer mooted his claims for declaratory and injunctive relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"),[5] and the possibility of his transfer back to the LPDC is too speculative to warrant relief.[6] In addition, RLUIPA does not authorize a private cause of action for compensatory or punitive damages against the appellees in their individual or official capacities.[7]

As for Coleman's claim that his right to exercise his religion freely under the First Amendment was violated because he was not allowed to attend Jumu'ah prayer services, he has failed to allege any details regarding the circumstances of the denial of Jumu'ah prayer services (*e.g.*, the regulation or policy) that would allow a court to evaluate his claim besides the bare allegation that he was not able to attend. Thus, the district court did not err

---

[1] *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

[2] *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

[3] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[4] *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002) (internal quotation marks and citations omitted).

[5] *See Cooper v. Sheriff, Lubbock Cty.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

[6] *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

[7] *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 329–31 (5th Cir. 2009).

in dismissing that claim.[8]

Coleman's claims regarding the denial of medical care, negligent or deliberately indifferent infliction of injury, interference with his mail/denial of access to the courts, denial of equal protection, and retaliation were either not briefed at all or not adequately briefed. Thus, they are deemed abandoned.[9]

Finally, Coleman never filed a formal motion requesting leave to file his proposed third amended complaint, and his "proposed order" accompanying that complaint did not qualify as such a motion because it offered no arguments as to why good cause authorized the filing of the complaint. The proposed third amended complaint thus had no legal effect.[10] As a result, the following persons, though named in the proposed third amended complaint and in the caption of this appeal, are not parties to this lawsuit: (1) Deputy Warden Yelverton, (2) Chaplain Denton; (3) Jim Fordham; (4) Lieutenant Otwell; (5) Deputy A. Qualls; and (6) Jefferson Parish Detention Center.

Accordingly, the judgment is AFFIRMED. Coleman's motion for a proposed settlement is DENIED.

The dismissal of the complaint counts as a strike under 28 U.S.C.

---

[8] *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 351–52 (1987).

[9] *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (stating that *pro se* appellants must brief arguments to preserve them); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that an appellant's failure to address the merits of a district court's decision or to identify any error in its legal analysis was "the same as if he had not appealed that judgment").

[10] *See Thomas v. Chevron*, 832 F.3d 586, 590–91 (5th Cir. 2016) (explaining that a motion for leave to amend must set forth good cause); *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) (holding that failure to obtain leave to file an amended complaint when required "results in an amended complaint['s] having no legal effect"); *United States v. Jenkins*, 780 F.2d 518, 520 (5th Cir. 1986) (stating that even *pro se* litigants must comply with relevant procedural rules).

No. 16-30109

§ 1915(g).[11]  Coleman has at least three other strikes.[12]  As a result, he is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.[13]

---

[11] *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996).

[12] (1) *Coleman v. Stalder*, No. 5:96-cv-916 (W.D. La. Mar. 31, 1997) (dismissing the § 1983 complaint as frivolous); (2) *Coleman v. Stalder*, No. 5:95-cv-1380 (W.D. La. June 4, 1996) (dismissing the § 1983 complaint as frivolous); and (3) *Coleman v. McMahen*, No. 5:92-cv-97 (W.D. La. Sept. 24, 1992) (dismissing the § 1983 complaint for failure to state a claim). *See Adepegba*, 103 F.3d at 386 (holding that civil actions that were dismissed before enactment of the Prison Litigation Reform Act may count as strikes).

[13] *See* § 1915(g).