# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11489

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2017

Lyle W. Cayce
Clerk

KERRY TIPPS,

Plaintiff-Appellant

v.

RICHARD WATHEN, Warden; CHARLES HORSLEY, Assistant Warden; MAJOR EASTEP; CAPTAIN CODY MILLER; MAJOR HARRIS,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:15-CV-137

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Kerry Tipps, Texas prisoner # 714441, has applied for leave to proceed in forma pauperis (IFP) in this appeal from the district court's judgment dismissing his civil rights complaint. The complaint alleged that the defendant prison employees failed to protect Tipps from violence and instead plotted to have inmates attack him. The district court propounded interrogatories to Tipps and, after receiving his responses, dismissed the action as frivolous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Tipps filed a timely notice of appeal, but the district court certified that Tipps did not take the appeal in good faith. *See* 28 U.S.C. § 1915(a)(3). Tipps now challenges the district court's certification by moving this court for leave to proceed IFP. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Where, as occurred here, "the prisoner opts to challenge the [district court's] certification decision" by filing an IFP motion on appeal, "the motion must be directed solely to the trial court's reasons for the certification decision." *Id.* Our inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quotation marks omitted). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Tipps has failed to preserve his claim for review because he does not identify any error in the district court's analysis. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). The district court determined that Tipps's claims were wholly conclusory, and on appeal Tipps neither references any particular incident in which he was unprotected from other inmates nor identifies any facts to support a plausible claim that the defendant prison officials conspired against Tipps or were aware of an excessive risk to his safety. *See Coleman v. Lincoln Parish Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017); *Longoria v. Texas*, 473 F.3d 586, 592–93 (5th Cir. 2006).[1] Instead, Tipps asserts in conclusory

---

[1] To prevail on a failure-to-protect claim, "'an inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm' and that prison officials were deliberately indifferent to an inmate's safety." *Longoria*, 473 F.3d at 592 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Prison officials act with deliberate indifference if they are subjectively "aware of an excessive risk" to the inmate's safety. *Id.* at 592–93.

No. 16-11489

fashion that corrupt and indifferent prison officials have cultivated and condoned a "culture of violence" and have failed to protect prisoners.

Tipps has not shown that he has a nonfrivolous claim. The motion for leave to proceed IFP is therefore DENIED, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24.

The dismissal of Tipps's complaint by the district court as frivolous and the dismissal of this appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). We WARN Tipps that if he accumulates a third strike, he will be subject to the § 1915(g) bar and will be unable to bring an action or appeal IFP unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).