# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60277
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2018

Lyle W. Cayce
Clerk

DETRICK DEWAYNE HARRIS,

Plaintiff-Appellant

v.

HINDS COUNTY; LAUDERDALE COUNTY; SERGEANT RUFFIN; CHRISTOPHER B. EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS; DEPUTY COMMISSIONER ARCHIE LONGLEY; DEPUTY WOMACK; SERGEANT LEWIS; ERNEST SAXTON; THOMAS DUPONT,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CV-883

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Detrick Dewayne Harris, Mississippi prisoner # 39949, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim, a decision we review de novo, *see Coleman v. Lincoln*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60277

*Par. Det. Ctr.,* 858 F.3d 307, 308-09 (5th Cir. 2017).  Harris does not discuss the dismissal of his claims that he did not receive appropriate and timely treatment for his acid reflux, he was illegally arrested in 2007, and false evidence was used to convict him.  Accordingly, he has abandoned these issues, *see Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987), and we do not address them, *see Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The majority of Harris's brief is devoted to challenging the dismissal of his claim that upon his release from the East Mississippi Correctional Facility in 2010, he was transferred pursuant to a detainer without notice or a hearing and in violation of prison policy to the Hinds County Detention Center so that he could stand trial on charges stemming from a 2007 incident.  Harris has not established that his allegations stated a claim for relief under federal law.  Violations of prison rules and regulations do not support a claim for relief under § 1983.  *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).

Like he did in the district court, Harris alleges that, while imprisoned, he "was shocked down on the floor face down with the 'glisten component,'" and adds, among other things, that he was "shock[ed] by the nuclear reactor . . . which punctured holes into [his] tissues causing subcellular tissue[] damages."  These allegations are not credible, and, in any event, Harris fails to specify which, if any, defendant caused him harm; thus, the claims relying on those allegations are frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  Harris also appears to raise new claims regarding the conditions of his confinement, including that he had insufficient access to a law library, the prison experienced drainage and plumbing problems, and he was denied recreation.  However, we will not address new claims for relief raised for the first time on appeal.  *Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006).

No. 14-60277

Finally, Harris appears to question the partiality of the magistrate judge, suggesting that he violated the canons of judicial ethics by depriving Harris of his right to due process.  However, Harris does not allege, much less point to any evidence, to support his charge of partiality; the fact that the magistrate judge ruled against him is insufficient.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

The district court's judgment is AFFIRMED.  Harris's motion to amend his complaint and to supplement the record on appeal is DENIED.  Our decision to affirm the district court's dismissal means that Harris has earned one strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Harris earned a second strike when the district court dismissed as frivolous another of his complaints in June 2016.  *See Harris v. State of Mississippi*, 4:16-CV-6 (N.D. Miss., June 1, 2016) (unpublished).  Harris is hereby WARNED that if he accumulates a third strike, he will not be allowed to proceed in forma pauperis in any civil action or appeal unless he is under imminent danger of serious physical injury.  *See* § 1915(g).