ALD-178                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2861
_____

GOLDA D. HARRIS,
                                    Appellant

v.

ERIC H. BENNETT; ZENA SUTTON; RANDALL WOOD;
DAN SMITH, ESQ.; PLAINFIELD HOUSING AUTHORITY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-13-cv-03879)
District Judge: Honorable John M. Vazquez

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 12, 2018
Before: MCKEE, VANASKIE, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 3, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Golda D. Harris appeals from an order of the United States District Court for the District of New Jersey, which dismissed her complaint. We will affirm the District Court's judgment.

Harris initiated this case by filing a civil rights complaint in 2013 against the Plainfield Housing Authority and a number of individuals, concerning her eviction from an apartment and the conditions at that apartment before she was evicted. As Harris is the only party to this appeal, and she is well-aware of the procedural path of this case, we need not review it in detail. Briefly, default was entered against Defendants on three occasions, most recently on January 20, 2017. See Fed. R. Civ. P. 55. That last order directed Harris to supplement her pending motion for "re-entry of default judgment and summary judgment" if she chose to pursue a default judgment. Harris filed a number of documents in response.

On May 2, 2017, the District Court entered an order that denied Harris's motion for summary judgment or default judgment, and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to her filing an amended complaint within 45 days of the order. As Harris did not filed an amended complaint, the District Court entered an order on July 17, 2017, dismissing the complaint with prejudice. Harris timely appealed.

2

We have jurisdiction to review the July 17 order of the District Court. 28 U.S.C. § 1291.[1] We exercise plenary review of the District Court's dismissal under § 1915(e)(2)(B) for failure to state a claim. See Coleman v. Lincoln Par. Det. Ctr., 858 F.3d 307, 308-09 (5th Cir. 2017) (per curiam); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[W]e accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation and citation omitted).

We agree with the District Court that Harris's complaint does not state a claim upon which relief can be granted. To survive dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Well-pleaded factual content is accepted as true for purposes of determining whether the complaint states a plausible claim for relief. Id. The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. "[W]here the well-pleaded facts do not permit the court to infer more

---

[1] Given the connection between the July 17 order and the May 2 order, our review necessarily encompasses the May 2 order. See Shea v. Smith, 966 F.2d 127, 129 (3d Cir. 1992). But we lack jurisdiction to review the District Court's January 16, 2018 order denying Harris's post-decision motion, as Harris did not appeal from that decision. See Fed. R. App. P. 4(a)(4)(B)(ii).

than a mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).).

Harris's complaint alleges that the Defendants failed to give her proper notice of the grievance process and the eviction and tenant termination process. She also alleges that they denied her an opportunity to appeal, and that they failed to provide safe conditions and proper insurance for the apartment. Finally, she alleges that the Defendants provided perjured affidavits (presumably in some other proceeding). However, the complaint is completely devoid of factual detail. As the District Court noted, the complaint does not state "the date [she] was evicted, why she was evicted, or why the eviction was a violation of her rights," or explain what each Defendant's role was in the eviction. Nor does the complaint give any details about alleged safety violations or explain how the federal court would have jurisdiction to grant relief on any such violations.

The complaint's conclusory statements that the Defendants violated her rights are not sufficient to meet the plausibility standard. Id. at 678 (complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). And although the District Court properly gave Harris an opportunity to amend her complaint to provide more detail, she failed to do so.[2] See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

---

[2] In the "brief" Harris filed in our Court, she argued that prison delays prevented her from timely sending certain documents (a motion for reconsideration, judicial misconduct

We realize that it is quite unusual to dismiss a complaint for failure to state a claim over four years after it was filed, and we do not recommend that the District Court do so on a regular basis.[3] But we do note that when a person proceeds in forma pauperis, the statute instructs the District Court to "dismiss the case *at any time* if the court determines that . . . [the complaint] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). And Harris could have revived the action by filing a legally sufficient amended complaint.

Further, we agree with the District Court's decision to deny summary judgment or a default judgment.[4] Because the complaint did not explain whom she was suing for what, Harris necessarily did not "show[] that . . . [she was] entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). And even where a default is entered, the plaintiff is not automatically entitled to the damages she originally demanded. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Rather, a default is treated as an admission of the facts alleged, but the plaintiff may still be required to prove that she is entitled to the damages that she seeks. Id.; DIRECTV Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005). Here, because the complaint did not contain sufficient facts, the District Court could not determine whether Harris was entitled to any damages. See

complaints) to the courts. But she does *not* contend that anything prevented her from sending the District Court an *amended complaint*.
[3] We note that Judge Vazquez was not assigned to the case until March of 2016.
[4] Our review of an order denying a motion for summary judgment is plenary. Oliver v. Roquet, 858 F.3d 180, 187 (3d Cir. 2017). We review the District Court's refusal to enter a default judgment for an abuse of discretion. Chamberlain v. Giampapa, 210 F.3d 154,

5

Comdyne I, Inc., 908 F.2d at 1149 (court need not accept the moving party's legal

conclusions or allegations relating to the amount of damages).[5]

As no substantial question is raised by this appeal, we will summarily affirm the

District Court's judgment.  See Third Circuit LAR 27.4.

---

164 (3d Cir. 2000).

[5] "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"  Id. (quoting 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)).  But here, the complaint's factual allegations were not sufficient to show that Harris was entitled to relief.  Although Harris provided photographs and other documents in support of her motion for default judgment, the District Court did not abuse its discretion in declining to wade through those many documents to try, in the first instance, to construct viable legal claims for Harris.