# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30903
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2019

Lyle W. Cayce
Clerk

TYRONE WAYNE HADLEY, JR.,

Plaintiff-Appellant

v.

RIVER BEND DETENTION CENTER; CAPTAIN ROBERT RUSSELL; CAPTAIN POCHE; LIEUTENANT TERENCE DISMUKE; LIEUTENANT CRY; JOHNNY HEDGEMOND, Warden,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 3:18-CV-529

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.
PER CURIAM:[*]

Tyrone Wayne Hadley, Jr. appeals the district court's dismissal of his 42 U.S.C. § 1983 case pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), (ii) as frivolous and for failure to state a claim upon which relief can be granted. He also moves to seal the record. Hadley alleged in his complaint that the defendants violated his rights under the First Amendment by forcing him to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30903

have his hair cut in violation of his religious beliefs and that the haircut damaged his roots and caused his hair to grow back in spots. We review *de novo* a district court's dismissal of a complaint as both frivolous and for failure to state a claim. *Coleman v. Lincoln Parish Detention Ctr.*, 858 F.3d 307, 308-09 (5th Cir. 2017).

In addition to the facts alleged in the complaint, Hadley makes new contentions on appeal that the hair clippers were unsterilized and unclean and that the barbers were unlicensed. He argues the defendants violated his First Amendment right to practice his religion, his right to due process, the Eighth Amendment's prohibition against cruel and unusual punishment, and federal statutory protection for prisoners. He also asserts the defendants violated "religious freedom court rules" and guidelines of the Louisiana Department of Corrections, that Warden Hedgemond should be held accountable because he did not review inmates' records correctly, and that the defendants should be reprimanded and penalized by the Louisiana Department of Corrections and under applicable law.

Hadley's appellate brief simply describes his factual allegations and makes conclusory arguments without supporting authority. It does not offer any response to the magistrate judge's and district court's analyses and decisions. "Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

Accordingly, the district court's judgment is AFFIRMED. Hadley's motion to seal the record is DENIED.