# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-51094

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2019

Lyle W. Cayce
Clerk

DEANTE CLAY,

Plaintiff-Appellant

v.

PAMELA WAGNER, Medical Practitioner; PATIENCE CAIN, Medical Practitioner,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-360

Before JONES, COSTA, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Deante Clay, Texas prisoner # 1917341, filed a 42 U.S.C. § 1983 complaint against Pamela Wagner and Patience Cain, medical practitioners in the John B. Connolly Unit of the Texas Department of Criminal Justice. The district court dismissed the complaint for failure to state a claim and certified that an appeal would not be taken in good faith. Clay now requests leave to proceed in forma pauperis (IFP) on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-51094

To proceed IFP, Clay must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). In determining whether a nonfrivolous issue exists, our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If we uphold the district court's certification that the appeal is not taken in good faith, Clay must pay the filing fee, or the appeal will be dismissed for want of prosecution. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Alternatively, "where the merits are so intertwined with the certification decision as to constitute the same issue," we may deny the IFP motion and dismiss the appeal sua sponte if it is frivolous. *Id.* at 202 & n.24; *see* 5TH CIR. R. 42.2.

Clay's allegations that the defendants unsuccessfully or negligently treated his condition on multiple occasions are not sufficient to state a claim for deliberate indifference to his medical needs. *See Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006). As for his claims that the defendants ignored his complaints of a painful chemical burn caused by the first treatment, he has not stated a facially plausible claim for relief. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). He acknowledges that the defendants attempted to treat to his underlying condition several times over multiple months, *see Gobert*, 463 F.3d at 349-52, and his bald legal assertions that the defendants were deliberately indifferent are not sufficient to state a culpable mental state, *see Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017).

Accordingly, Clay's motion to proceed IFP is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district

No. 18-51094

court's dismissal of Clay's § 1983 complaint for failure to state a claim count as two strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Clay is warned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.