# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 18, 2021

Lyle W. Cayce
Clerk

No. 20-30523

Marion Taylor,

*Plaintiff—Appellant*,

*versus*

James M. LeBlanc; Darrel Vannoy, *Warden, Louisiana State Penitentiary*; Joe Lamartiniere, *AW4/jk*; Tim Delany, *AW2/16*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CV-1699

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Marion Taylor, Louisiana prisoner # 558611, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. Taylor does not challenge the district court's refusal to exercise supplemental jurisdiction and has,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

therefore, abandoned any such challenge. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

By moving to proceed IFP in this court, Taylor challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). We review de novo the dismissal of Taylor's § 1983 complaint for failure to state a claim using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Praylor v. Tex. Dep't of Crim. Just.*, 430 F.3d 1208, 1208 (5th Cir. 2005). "[E]ven for pro se plaintiffs, . . . conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Coleman v. Lincoln Parish Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (internal quotation marks and citation omitted).

As the district court correctly observed, Taylor failed to allege facts showing that the defendants impeded or frustrated his ability to file a nonfrivolous legal claim. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). His conclusory allegations, both in his complaint and on appeal, are not sufficient to state a claim. *See Coleman*, 858 F.3d at 309. Taylor has failed to identify any issue of arguable merit. *Howard*, 707 F.2d at 220.

Accordingly, Taylor's motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. Pursuant to a prior decision that we issued while this appeal was pending, Taylor remains barred from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28

No. 20-30523

U.S.C. § 1915(g); *Taylor v. LeBlanc*, 851 F. App'x 502, 503 (5th Cir. 2021). He is again WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions.