# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2022

Lyle W. Cayce
Clerk

No. 21-50336
Summary Calendar

SHEILA DENISE KENDRICKS,

*Plaintiff—Appellant*,

*versus*

METHODIST CHILDREN'S HOME,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CV-518

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Shelia Kendricks, an African American woman over the age of forty, sued Methodist Children's Home, making a series of allegations related to age, gender, and race discrimination. Her suit arose from her termination by Methodist. Kendricks's arguments are no more substantiated on appeal than

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

they were before the trial court; therefore we affirm the judgment of the trial court.

## I.

Kendricks worked for Methodist for eleven years, from 2007 until 2018. In May 2018, Kendricks underwent surgery and then took unpaid leave under the Family and Medical Leave Act, 29 U.S.C. § 2601. While on leave, Kendricks applied for two other jobs within Methodist and was not selected for either position. Both individuals hired for the positions were under forty and not African American. While on leave, Kendricks also filed a complaint with Methodist regarding a possibly racially discriminatory hiring practice suffered by one of her coworkers.

In July 2018, while she remained on leave, Methodist fired Kendricks for refusing to accept managerial decisions and refusing to "work appropriately with others[.]" Kendricks had allegedly been interfering with patient-care and "stirring the pot" while on leave. In response, Kendricks filed suit in federal district court in September 2019. The district court ultimately discerned six claims: Methodist discriminated against Kendricks based on her age, race, or disability by not hiring her for the jobs she applied for in 2018 or another job she applied for in 2015; Methodist retaliated against her for reporting potential discrimination; her termination while on leave violated the Family Medical Leave Act; Methodist violated Texas labor laws; and Methodist's tortious conduct merited punitive damages. Both Kendricks and Methodist filed motions for summary judgment prior to the start of discovery. After the parties conducted some discovery, the district court granted Methodist's motion for summary judgment. Kendricks now appeals.

No. 21-50336

## II.

Kendricks's briefing consists of summary statements supported by scattered citations to case law.  Because Kendricks is *pro se*, we construe her pleadings liberally.  But on appeal her arguments must still be adequately briefed; otherwise, they will be "deemed abandoned."  *Coleman v. Lincoln Parish Detention Center*, 858 F.3d 307, 309 (5th Cir. 2017) (per curiam) (citing *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)).

Kendricks raises a number of arguments:  (1) that the district court lacked jurisdiction to hear this case because Kendricks did not plead facts to establish a Family Medical Leave Act claim; (2) that a scheduling order was not properly submitted in the district court; (3) that the district court did not apply the summary judgment standard from Federal Rule of Civil Procedure 56; (4) that the district court committed numerous procedural and evidentiary errors; and (5) that she should be allowed to file a supplemental brief related to why two individuals were essential parties in the case before the district court.

First, Kendricks's arguments related to jurisdiction are misguided. The district court had subject matter jurisdiction under 28 U.S.C. § 1331 because Kendricks alleged claims arising out of federal law, specifically Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, the Age Discrimination in Employment Act, 29 U.S.C. § 621, and the Americans with Disabilities Act, 42 U.S.C. § 12111.  Further, the attachments to her complaint specifically mention the Family Medical Leave Act and her leave taken thereunder.  Her contention that the district court lacked jurisdiction is therefore without merit.

Regarding the alleged deficiencies of the scheduling order, we have long noted that district courts have significant discretion to manage their

dockets. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536–37 (5th Cir. 2003); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995); *Smith v. Legg (In re United Mkts. Int'l, Inc.)*, 24 F.3d 650, 654 (5th Cir. 1994). In her mere two lines of argument, Kendricks provides nothing to suggest the district court abused its discretion.

Third, Kendricks's arguments related to the district court's summary judgment are characterized by two assertions: (1) that Methodist's affidavits were perjurious because they were silent on an attempt by Kendricks to secure a promotion in 2015, and (2) that the affidavits contained unsubstantiated statements that the individuals hired in 2018 were more qualified than Kendricks. The case law Kendricks offers in arguing that the omissions invalidated the affidavits refers to affidavits used to obtain search warrants. *See United States v. Clapp*, 46 F.3d 795 (8th Cir. 1995). As her argument is wholly unsupported beyond this, it is inadequately briefed. Her other assertion, that the unsubstantiated statements were improper, ignores the text of the affidavits. The statements regarding the other individuals' promotion are wholly premised on the best of the affiants' knowledge and belief. This is exactly what Federal Rule of Civil Procedure 56(c)(4) requires. FED. R. CIV. P. 56(c)(4). Thus, these arguments are also without merit.

Finally, Kendricks requests leave to file a supplemental brief concerning a second, uncited case that is also allegedly on appeal. This "second case" appears to be an attempt by Kendricks to re-join two individuals to the underlying suit after they successfully moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). As Kendricks makes no argument related to the Rule 12(b)(6) dismissal beyond paraphrasing other Rules of Civil Procedure to argue that the two former defendants were essential parties, her argument is without merit.

No. 21-50336

The remainder of Kendricks's contentions are inadequately briefed summary statements, such that we will not address them. *Coleman*, 858 F.3d at 309 (citing *Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748).

AFFIRMED.