# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2022

Lyle W. Cayce
Clerk

No. 20-20434
Summary Calendar

Willie T. Washington,

*Plaintiff—Appellant*,

*versus*

UTMB; John Sealy Hospital Galveston,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-177

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Willie T. Washington, Texas state prisoner # 000856, appeals the district court's dismissal, with prejudice, of his 42 U.S.C. § 1983 civil suit for failure to state a claim upon which relief could be granted. In his complaint, Washington alleged that officials committed malpractice and were

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20434

deliberately indifferent to his serious medical needs when they performed an unnecessary surgery after his diagnosis with prostate cancer. Washington's motions to file two supplemental briefs are GRANTED.

We review the dismissal of a complaint for failure to state a claim de novo. *See Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 308-09 (5th Cir. 2017); *Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016). Washington does not establish that the defendants were deliberately indifferent to his serious medical needs by showing that they "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted). He argues that medical staff manipulated him into getting surgery without discussing the merits of radiation treatment and that, as a result, he suffered from serious side effects. However, he does not provide any facts to suggest that those medical officials were (1) "aware of facts from which an inference of an excessive risk to [Washington's] health or safety could be drawn" and (2) "actually drew an inference that such potential for harm existed." *Rogers v. Boatright*, 709 F.3d 403, 407-08 (5th Cir. 2013) (internal quotation marks and citation omitted).

Washington's mere disagreement with the course of treatment provided and his conclusional insistence that radiation treatment would have been a better option is not sufficient to show deliberate indifference, *see Gibson v. Collier*, 920 F.3d 212, 220 (5th Cir. 2019); *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Domino*, 239 F.3d at 756, which requires wanton, or reckless, disregard, *see Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Accordingly, the judgment of the district court is AFFIRMED.