# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 25, 2023

Lyle W. Cayce
Clerk

————————

No. 23-40086
Summary Calendar

————————

Tora Lakeith Russell,

*Plaintiff—Appellant,*

*versus*

Merissa Jackson, *Texas Department of Criminal Justice Institutional Division, Regional Director*; Texas Department of Criminal Justice, *Institutional Division*; Bryan Collier, *Executive Director*; Roscoe Pettus, *Inmate,*

*Defendants—Appellees.*

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:22-CV-171

———————————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges.*

Per Curiam:[*]

Tora Lakeith Russell, Texas prisoner # 1632168, filed a 42 U.S.C. § 1983 complaint for an injury sustained during an altercation with another inmate. The district court dismissed Russell's complaint for failure to state

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A.  Russell has now filed a motion for authorization to proceed in forma pauperis (IFP) on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith because Russell will not present a nonfrivolous appellate issue.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Russell fails to explain how the Texas Department of Criminal Justice's (TDCJ) alleged interference with the prison grievance process in 2019 prevented him from timely filing his complaint by March 21, 2021.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cr. 1993); *Brinkmann v. Dallas Cnty. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (holding "even for pro se plaintiffs . . . 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice' to state a claim for relief" (citation omitted)).  Even if Russell's action was deemed timely, he does not challenge the district court's alternative reasoning for dismissing his action, i.e., his claim of supervisory liability against Merissa Jackson and Bryan Collier is conclusory, the TDCJ is entitled to Eleventh Amendment immunity, and the inmate involved in the stabbing incident is not a state actor subject to liability under § 1983.  Accordingly, Russell's claims are deemed abandoned.  *See Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748.

The appeal is without arguable merit and is thus frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Russell's motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED.  *See* 5TH CIR. R. 42.2.  The dismissal as frivolous of this appeal counts as a strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds*, *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).  In addition, the district court's dismissal of his original complaint for failure to state a claim upon which relief may be granted also counts as a

strike. *See* § 1915(g); *Adepegba*, 103 F.3d at 388. Russell is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).