# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2023

Lyle W. Cayce
Clerk

No. 23-40198

Tony Epps,

*Plaintiff—Appellant*,

*versus*

University of Texas Medical Branch at Galveston; Texas Department of Criminal Justice - Institutional Division; Unknown Drug Company; David Callender, *President, UTMB*; Raymund S. Greenberg, *Executive V.C. Health Affairs, UTMB*; Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; Gilead Sciences, Incorporated; Doctor Melvin Wright; Doctor Maria E. Berger; Doctor Julius Danzinger; Doctor R. G. Peil,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:20-CV-407

---

Before Smith, Southwick, and Wilson, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40198

Tony Epps, Texas prisoner # 450886, asserted in an amended 42 U.S.C. § 1983 complaint that Dr. Melvin Wright, Dr. Maria E. Berger, Dr. Julius Danzinger, and Dr. R. G. Peil, in conjunction with Gilead Sciences, Inc. (Gilead), administered medication with serious negative side effects to him and other inmates.[1] The district court dismissed Epps's complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Epps has now filed a motion for authorization to proceed in forma pauperis (IFP) on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith because Epps will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Epps does not mention Gilead, Dr. Danzinger, or Dr. Peil in his brief before this court or challenge the district court's reasons for dismissing his claims against the defendants for failure to state a claim upon which relief may be granted. Thus, the claims against these defendants are deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). With respect to Dr. Wright and Dr. Berger, Epps makes the conclusional assertion that they prescribed the "crippling drugs." Epps, however, does not provide sufficient facts surrounding the personal involvement of these defendants; nor does he meaningfully brief a substantive argument challenging the district court's determination that his claims of medical malpractice are not cognizable in a § 1983 action. Thus, Epps's claims

---

[1] UTMB, Texas Department of Criminal Justice-Institutional Division, Unknown Drug Company, David Callender, Raymund S. Greenberg, and Bobby Lumpkin were dismissed by the district court without prejudice pursuant to Federal Rule of Civil Procedure 41(a). This decision by the district court is not at issue in the instant appeal.

against these defendants are also deemed abandoned. *See Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017); *Brinkmann*, 813 F.2d at 748.

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Epps's motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2. The dismissal as frivolous of this appeal counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). In addition, the district court's dismissal of his original complaint for failure to state a claim upon which relief maybe granted also counts as a strike. *See* § 1915(g); *Adepegba*, 103 F.3d at 388. Epps is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).