# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2024

Lyle W. Cayce
Clerk

———————

No. 23-40325

———————

Patrice Viera; Kevin Henry; Brittany Darbonne,

*Plaintiffs—Appellants*,

*versus*

Joyce Hudman, *Brazoria County Clerk*; Matt Sebesta, Jr., *Brazoria County Judge*; Donald Payne, *Brazoria County Commissioner Precinct 1*; Ryan Cade, *Brazoria County Commissioner Precinct 2*; Stacy Adams, *Brazoria County Commissioner Precinct 3*; David Linder, *Brazoria County Commissioner Precinct 4*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:22-CV-386

———————————————————

Before Jones, Haynes, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Patrice Vieira, Kevin Henry, and Brittney Darbonne claim that election officials in Brazoria County, Texas, violated the United States Constitution by certifying the allegedly fraudulent results of the 2020

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

election.[1]  The district court dismissed the complaint for lack of subject-matter jurisdiction and denied leave to amend.  Because neither the original complaint nor the proposed amended complaint contained plausible allegations of particularized injury, we AFFIRM.

## I.

In November 2022, Vieira, Henry, and Darbonne filed a pro se complaint against various Brazoria County officials seeking to invalidate the results of the November 2020 election.  Specifically, Vieira, Henry, and Darbonne claimed that Brazoria County used voting machines that were not properly certified by the Election Assistance Commission under 52 U.S.C. § 20971, and that Brazoria County officials therefore violated the First, Ninth, and Fourteenth Amendments by certifying the fraudulent election results produced by these allegedly uncertified voting machines. The officials moved to dismiss.  Vieira, Henry, and Darbonne opposed the motion, and then, while the motion to dismiss was still pending, sought leave to file an amended complaint.  The district court dismissed the complaint for lack of subject-matter jurisdiction on the basis that Vieira, Henry, and Darbonne lacked standing and denied the motion for leave to amend as futile.  Vieira, Henry, and Darbonne timely appealed.

## II.

We review de novo the district court's order dismissing the complaint under Rule 12(b)(1) for lack of standing.  *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 133 (5th Cir. 2009).  Vieira, Henry, and

---

[1] The case caption uses the names "Viera" and "Brittany" because that is how they were spelled in Appellants' opening filing in the district court.  Our understanding is that the correct spellings are "Vieira" and "Brittney," so we use those throughout the opinion.

Darbonne—as the parties seeking to invoke federal jurisdiction—bear the burden of establishing standing. *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015). We also review the district court's denial of leave to amend based on futility de novo. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). Because Vieira, Henry, and Darbonne are proceeding pro se, we construe the complaint "liberally" and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.

To establish Article III standing, a complaint must plausibly allege a "particularized" injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Under a very liberal reading of their pleadings, Vieira, Henry, and Darbonne allege two forms of injury: that the county certified "fraudulent" election results, and that their votes were "diluted or not counted." Neither confers standing.

It is well recognized that a plaintiff "claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large," lacks standing. *Lujan*, 504 U.S. at 573-74. Appellants' claim that they were injured because Brazoria County officials failed to comply with the law by certifying "fraudulent" election results falls squarely within this category of generalized grievances that federal courts lack jurisdiction to adjudicate. Indeed, our court reached this exact conclusion in *Hotze v. Hudspeth*, in which we explained that these sorts of broad claims concerning "the 'integrity' of the election process" are "far too generalized to warrant standing." 16 F.4th 1121, 1124 (5th Cir. 2021).

As for their asserted vote-dilution injury, Vieira, Henry, and Darbonne are correct that an injury to a citizen's right to vote resulting from

"dilution by a false tally," "a refusal to count votes from arbitrarily selected precincts," or "stuffing of the ballot box" *can* confer standing. *Baker v. Carr*, 369 U.S. 186, 208 (1962) (citations omitted). But only where the voters have plausibly "allege[d] facts showing disadvantage to themselves as individuals." *Id.* at 206. As the district court properly found, Vieira, Henry, and Darbonne have presented *no* facts plausibly alleging how the use of allegedly uncertified voting machines led to their votes being diluted or uncounted. Rather, they have presented only conclusory allegations and legal conclusions insufficient to establish standing, even in a pro se complaint. *See Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) ("[E]ven for *pro se* plaintiffs, . . . conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to prevent dismissal).

IV.

Vieira, Henry, and Darbonne also sought leave to amend their complaint to include allegations of "more election malfeasance" during the 2022 election and to add the Brazoria County Sheriff as a defendant. But allegations of additional misconduct in 2022 do nothing to cure the lack of plausible allegations showing injury caused by the alleged misconduct in 2020. Nor does adding a new defendant. Thus, the district court was correct in finding that the proposed amended complaint was futile. *See U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 368 (5th Cir. 2014); *In re Connect Transp., LLC*, 825 F. App'x 150, 155 (5th Cir. 2020) (affirming denial of leave to amend as futile where allegations in proposed amended complaint, "though new, do nothing to cure the deficiencies of the first [] complaint").

On appeal, Vieira, Henry, and Darbonne contend that the proposed amended complaint that they presented to the district court "was more accurately a motion to supplement their pleadings, with a new grievance,

No. 23-40325

than an effort to amend the complaint to resolve any alleged deficiencies." Therefore, they request that they be allowed to amend their complaint to add a claim under the Civil Rights Act, which they claim will "confer jurisdiction." But this only underscores the futility of allowing amendment. Adding a new statutory claim does not fix the lack of a plausibly alleged injury in fact.

V.

For the foregoing reasons, the judgment of the district court is AFFIRMED.