# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-11196

———————

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2025

Lyle W. Cayce
Clerk

James E. Sanders,

*Plaintiff—Appellee*,

*versus*

Kristen Gibson; Bryan D. Reitsma; Angela N. Davis;
Tina S. Vitolo; Marissa Bartholet,

*Defendants—Appellants*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:23-CV-9

———————————————————————

Before Dennis, Haynes, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Prison officials of the Texas Department of Criminal Justice (TDCJ) appeal a district court's order denying their motions to dismiss based on qualified immunity. We VACATE the order and REMAND for further consideration.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-11196

I

James E. Sanders is serving a life sentence at the Allred Unit of the Texas Department of Criminal Justice (TDCJ). In May 2014, he and his former cellmate were both found guilty of attempted escape for possessing "escape paraphernalia" and placed in administrative segregation. His cellmate was returned to general population in early 2021.

In April 2021, Sanders appeared before a three-person State Classification Committee (SCC) for a 180-day security detention hearing to determine whether he should remain in administrative segregation. He was found to be an escape risk and remained in administrative segregation until the next hearing. Sanders had hearings before the SCC in October 2021, April 2022, and September 2022, and after each review, he was informed that he was to remain in administrative segregation because he continued to pose an escape risk. The members of the SCC differed for each hearing: Unit Classification Case Manager Angela N. Davis served as a committee member for two of the hearings, and TDCJ Classification Vice Chairman Kristen Gibson, Allred Unit Assistant Warden Bryan Reitsma, and SCC Representative Marissa Bartholet served for one hearing each.

Between June 2021 and January 2023, Sanders corresponded with SCC members Gibson and Reitsma and Classification Program Supervisor Tina S. Vitolo regarding his continued placement in administrative segregation. He claimed, in relevant part, that he had been improperly classified, no adequate explanation had been provided for continuing his status in administrative segregation, he did not timely receive the results of each hearing, and some of his paperwork had been falsified.

No. 23-11196

Sanders sued 24 officials and employees of the TDCJ in their official and individual capacities. His 63-page pro se complaint[1] alleged, in part, a violation of his due process and equal protection rights under 42 U.S.C. § 1983 based on his years-long confinement in administrative segregation. His 300-page motion for injunctive relief sought his immediate release from administrative segregation.

The district court dismissed without prejudice Sanders's claims regarding food service, staff shortages, and sexual harassment against 19 of the 24 defendants but ordered service of his claims regarding his confinement in administrative segregation against Reitsma, Vitolo, Davis, Gibson, and Bartholet. Sanders subsequently moved for reconsideration of the dismissal of some of his claims and attached over 200 pages of additional exhibits.[2] The district court denied the motion.[3]

The defendants moved for dismissal under Rule 12(b)(6), asserting qualified immunity. The district court granted the defendants' motions as to Sanders's equal protection claims only and concluded that his allegations were sufficient to plead a plausible procedural due process violation. It specifically found that Sanders had pled sufficient facts to show that his confinement raised a protectable liberty interest and that the process provided was not constitutionally sufficient. As for the defendants' assertions of qualified immunity, the district court concluded that Sanders's right to due process with respect to the confinement review process was

---

[1] Although Sanders proceeded in the district court pro se, he is represented by counsel on appeal.

[2] They include, among other things, his grievances, his correspondence with various prison officials, and excerpts from TDCJ's handbook and directives.

[3] In separate orders, the district court explained that the documents filed by Sanders would be considered part of the pleadings.

3

clearly established, and that a reasonable officer would know that a deprivation of meaningful review would deprive the prisoner of due process. The defendants timely filed this interlocutory appeal.

## II

### A

The denial of a motion to dismiss based on qualified immunity is immediately appealable under the collateral order doctrine. *See Orr v. Copeland*, 844 F.3d 484, 490 (5th Cir. 2016). "Our jurisdiction, however, is severely curtailed: we are restricted to determinations of question[s] of law and legal issues, and we do not consider the correctness of the plaintiff's version of the facts." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 193–94 (5th Cir. 2009) (internal quotation marks and citations omitted). "In other words, a proper appeal asks us 'whether the district court erred in concluding as a matter of law that officials are not entitled to [qualified immunity] on a given set of facts.'" *Stevenson v. Tocé*, 113 F.4th 494, 501 (5th Cir. 2024) (quoting *Ramirez v. Escajeda*, 921 F.3d 497, 499 (5th Cir. 2019)).

We review the district court's denial of the qualified immunity defense de novo, accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff. *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc). Although we construe pro se pleadings liberally, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (citation and internal quotations omitted). Our review is limited to the contents of the pleadings, including any attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

B

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). When, as here, the defense of qualified immunity is asserted in a motion to dismiss, "the court has an 'obligation . . . to carefully scrutinize [the complaint] before subjecting public officials to the burdens of broad-reaching discovery.'" *Longoria v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263–64 (5th Cir. 2019) (alterations in original) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986)). To overcome the immunity defense, the complaint "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm . . . alleged and that defeat a qualified immunity defense with equal specificity." *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). A state official is entitled to qualified immunity unless the allegations demonstrate both that "(1) the official violated a statutory or constitutional right, and (2) the right was 'clearly established' at the time." *Benfield v. Magee*, 945 F.3d 333, 337 (5th Cir. 2019).

When multiple officials are named as defendants, courts must assess each defendant's conduct "independently to determine whether he is entitled to qualified immunity." *Solis v. Serrett*, 31 F.4th 975, 981 (5th Cir. 2022); *see Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 395 (5th Cir. 2000) ("[P]rudence and our own precedent dictates that we examine each individual defendant's entitlement to qualified immunity separately."). Our precedent makes clear that a district court errs by collectively considering the actions of the defendants in the qualified immunity context. *See Meadours v. Ermel*, 483 F.3d 417, 421 (5th Cir. 2007) (collecting cases); *see also Lopez v. Ramirez*, No. 23-40461, 2024 WL 1168048, at *1 (5th Cir. Mar. 15, 2024)

(unpublished) ("[A] district court errs by failing to consider each officer's assertion of qualified immunity individually and by instead considering the officers' actions together.").[4]

Here, the district court did not provide an individualized analysis as to each defendant's entitlement to qualified immunity. Instead, it determined that the collective actions of multiple prison officials violated Sanders's right to due process. Because the defendants are alleged to have participated in Sanders's review process in distinct ways, the district court had to "examine each individual defendant's entitlement to qualified immunity separately." *Jacobs*, 228 F.3d at 395.

"While rule 12 does not require that the district court enter findings of fact or conclusions of law when deciding a motion to dismiss, we have required that the district court explain its reasons in sufficient detail to allow this Court to determine whether the district court correctly applied the proper legal rule." *Davis v. Bayless*, 70 F.3d 367, 376 (5th Cir. 1995); *see Schaper v. City of Huntsville*, 813 F.2d 709, 713 (5th Cir. 1987) ("[D]istrict courts should state for the record, and for the benefit of the circuit court on appeal, their reasons for denying immunity."). We have remanded in cases where a district court denies qualified immunity without engaging in the proper individualized analysis. *See, e.g., Kitchen v. Dallas Cnty.*, 759 F.3d 468, 478–79 (5th Cir. 2014) (remanding to the district court to "examine[ ] the actions of defendants individually in the qualified immunity context") (citation omitted); *Lopez*, 2024 WL 1168048, at *2 (vacating district court's order denying defendants' motion to dismiss, and remanding case to assess qualified immunity "on a plaintiff-by-plaintiff, defendant-by-defendant basis,

---

[4] Unpublished opinions issued in or after 1996 "are not precedent" except in limited circumstances, 5TH CIR. R. 47.5.4, but they "may be persuasive authority," *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

No. 23-11196

and to provide reasons for its judgment"). That is the appropriate course of action here.

\*　　\*　　\*

We VACATE the order denying defendants' motions to dismiss based on qualified immunity, and REMAND the case to permit the district court to evaluate qualified immunity separately for each defendant.