# United States Court of Appeals for the Fifth Circuit

---

No. 22-50163
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2023

Lyle W. Cayce
Clerk

Jerry Wanzer,

*Plaintiff—Appellant*,

*versus*

Phonso J. Rayford, *Senior Warden, John B. Connally Unit, sued in their individual and official capacity*; John A. Marcum, *Asst. Warden, John B. Connally Unit, sued in their individual and official capacity*; Frank Stengel; Veolia North America; Gary Wagner, *Water Treatment Plant Superintendent, sued in their individual and official capacity*; Kelly L. Kotzur, *Food Kitchen Captain, John B. Connally Unit, sued in their individual and official capacity*; Kathy S. Akin, *Food Kitchen Captain, John B Connally Unit, sued in their individual and official capacity*; Debra Gloor, *Senior Practice Manager, John D. Connally Unit, In Her Individual and Official Capacities*; Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; Owen Murray, *UTMB Director, In His Individual and Official Capacities*; Brian Wong, M.D., *In His Individual and Official Capacities*; Sylvia Peterson, *Law Library Supervisor, John B. Connally Unit, sued in their individual and official capacity*; Roberto Alexandre, *Captain, John D. Connally Unit, In His Individual and Official Capacities*; FNU Wolf, *Lt., John B. Connally Unit, sued in their individual and official capacity*; Dixie Rojas, *Lieutenant, John D. Connally Unit, In Her Individual and Offical Capacities*; Pauline Dancy, *Lt., John B. Connally Unit, sued in their individual and official capacity*; Sierra Woleslagle, *Lieutenant, John D. Connally Unit, In Her Individual and Official Capacities*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-779

---

Before HIGGINBOTHAM, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Jerry Wanzer, Texas prisoner # 00855976, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his pro se 42 U.S.C. § 1983 complaint. We deny his motion and dismiss his appeal.

A prisoner who, like Wanzer, has previously filed at least three civil actions and appeals that were dismissed as frivolous may only proceed IFP before this court if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Our court previously determined that Wanzer's "allegations warrant a determination that he is under imminent danger of serious physical injury," and we remanded his case to the district court for further proceedings. *Wanzer v. Rayford*, 832 F. App'x 319, 320 (2020) (per curiam). On remand, the district court dismissed his complaint. Wanzer timely filed a notice of appeal and sought leave from the district court to proceed IFP on appeal. The district court denied Wanzer's application to proceed IFP, certifying that Wanzer's appeal was not taken in good faith because he "failed to set forth any viable argument." *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

Wanzer now moves in this court to proceed IFP, effectively challenging the district court's certification that his appeal is not taken in

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

good faith. *See Baugh v. Taylor*, 117 F.3d 197, 201–02 (5th Cir. 1997); *see also* Fᴇᴅ. R. Aᴘᴘ. P. 24(a)(5). Where "a district court certified that an appeal was not taken in good faith [because] the underlying claims of the IFP plaintiff were entirely frivolous and had no possibility of success," "[t]he merits of the suit [are] . . . inextricably intertwined with the certification decision." *Baugh*, 117 F.3d at 201–02.

This court reviews de novo dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), applying the same standard as when reviewing the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). Dismissal is appropriate where a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted). "[E]ven for pro se plaintiffs . . . conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (internal quotation marks and citation omitted).

Wanzer fails to demonstrate that the district court erred in determining that his claims as to Sylvia Peterson and Dr. Brian Wong were barred by the statute of limitations. Wanzer's pleadings and the district court's summary judgment order in a prior civil action reveal that Wanzer was aware of the basis of his claims against both Peterson and Dr. Wong more than two years before he filed the instant complaint. *See* Tᴇx. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ § 16.003(a) (setting out two-year statute of limitations);

*Stringer v. Town of Jonesboro*, 986 F.3d 502, 510 (5th Cir. 2021) (stating that § 1983 claims accrue and the limitations period begins to run when the plaintiff becomes aware of the facts underlying the claim).  Further, under Texas law, his appeals of post-judgment motions filed in his prior federal lawsuit did not toll the limitations period.  *See Holmes v. Tex. A & M Univ.*, 145 F.3d 681, 685 (5th Cir. 1998); *see also Hardin v. Straub*, 490 U.S. 536, 542 (1989) (explaining that state tolling law applies in § 1983 suits if it is not inconsistent with federal law or policy).

Wanzer also failed to state a claim that prison officials demonstrated deliberate indifference to his serious medical needs.  To the extent Wanzer alleged that Debra Gloor failed to investigate or adjudicate his medical grievances properly, a prisoner has no federally protected liberty interest in "having [] grievances resolved to his satisfaction."  *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).  Further, as the district court determined, Wanzer's allegations that Gloor allowed medical staff to disregard his serious medical needs were conclusory.  *See Coleman*, 858 F.3d at 309.  Likewise, Wanzer's disagreements with medical professionals who determined that he did not need treatment or surgery and with Gloor's related assessments were insufficient to sustain his deliberate indifference claim.  *See Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001).

Regarding Wanzer's claim that his meals were comprised mostly of sandwiches, such that prison officials deprived him of food with adequate nutritional value, his allegations failed to state a claim that he was denied "the minimal civilized measure of life's necessities."  *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (internal quotation marks and citation omitted).  As for his access to courts claim, Wanzer failed sufficiently to allege that the confiscation of his legal materials frustrated or impeded a nonfrivolous legal claim.  *See Lewis v. Casey*, 518 U.S. 343, 351–53 (1996); *see also DeMarco v. Davis*, 914 F.3d 383, 387–88 (5th Cir. 2019).  Wanzer also failed to state a

claim that prison officials retaliated against him by confiscating his legal materials. *DeMarco*, 914 F.3d at 388. His pleadings and exhibits demonstrate that officials have confiscated documents from Wanzer due to his failure to follow prison policy for storing property. Moreover, his allegations of a retaliatory motive are speculative. *See Twombly*, 550 U.S. at 555; *DeMarco*, 914 F.3d at 388.

Wanzer has failed sufficiently to brief, and has thus abandoned, challenges to the district court's other rulings. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Because Wanzer's appeal does not involve "legal points arguable on their merits," *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted), his motion to proceed IFP is DENIED and the appeal is DISMISSED as frivolous, *see Baugh*, 117 F.3d at 202 n.24; *see also* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as an additional strike against Wanzer under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 536–37 (2015). Wanzer is REMINDED that he remains subject to the 28 U.S.C. § 1915(g) bar and WARNED that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional strikes or monetary sanctions, as will the failure to withdraw any pending matters that are frivolous, repetitive, or otherwise abusive.