# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2024

Lyle W. Cayce
Clerk

No. 22-40466
Summary Calendar

_____

Chester Finney, Sr.,

*Plaintiff—Appellant*,

*versus*

Unknown Nurse; Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:19-CV-140

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Chester Finney, Sr., Texas prisoner # 1493956, appeals from the dismissal of his pro se 42 U.S.C. § 1983 suit as frivolous and for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Finney claims that prison officials violated his constitutional rights by failing to protect him from an assault committed by another inmate. He also argues that an

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

unnamed prison nurse was deliberately indifferent to his serious medical needs by failing to provide adequate treatment for his spine after the assault.

This court reviews dismissals under § 1915(e)(2)(B) and § 1915A(b)(1) de novo, applying the same standard as when reviewing the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). Dismissal is appropriate where a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[E]ven for pro se plaintiffs . . . conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (internal quotation marks and citation omitted).

As an initial matter, in the district court, Finney did not name as a defendant the prison guard he claims ran from the room when he was assaulted. Thus, we do not consider his allegations against her on appeal. *See Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008). Further, because he did not brief the issue, Finney has abandoned any argument that the district court erred by failing to consider the prison guard as a defendant or by failing to allow him to amend his complaint to add her as a defendant. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). To the extent Finney continues to assert that Brian Collier, the former director of the TDCJ, was responsible as a supervisor, the district court correctly determined that Finney failed to sufficiently allege that Collier affirmatively participated in acts or implemented policies that caused the alleged constitutional violations. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).

Regarding Finney's claims against the nurse who evaluated him after the fight, prison officials infringe the Eighth Amendment's proscription

against cruel and unusual punishment by engaging in "deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (internal quotation marks and citation omitted). Finney's pleadings state that when he complained of back pain and requested an X-ray and a palpitation of his spine, the unnamed nurse merely touched his back in the wrong place and declined to provide further evaluation or treatment. According to his pleadings, Finney could barely walk when he was in administrative segregation after the incident and when he was evacuated days later, and he was eventually diagnosed with the beginning stages of scoliosis after X-rays were performed. However, as the district court found, Finney failed to sufficiently allege facts demonstrating that the unnamed nurse was actually aware of and consciously disregarded a need for further evaluation or treatment. *See Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002). In this regard, Finney alleged that he saw the nurse only once after the incident, and he did not plead facts indicating that the nurse was aware of any visible injury or physical symptoms that immediately necessitated the testing that Finney requested.

For the foregoing reasons, the district court's judgment is AFFIRMED. Finney's motion for appointment of counsel is DENIED. *See Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991). As the district court explained, its dismissal of Finney's complaint counts as a strike under § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537-39 (2015). Finney is CAUTIONED that, if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).